IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

A. L. A., A CHILD,

     Appellant,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

v.

CASE NO. 1D15-5331

STATE OF FLORIDA,

     Appellee.

_____/

Opinion filed June 24, 2016.

An appeal from the Circuit Court for Nassau County.
Adrian G. Soud, Judge.

Nancy A. Daniels, Public Defender, and Archie F. Gardner, Jr., Assistant Public Defender, for Appellant.

Pamela Jo Bondi, Attorney General, Jillian H. Reding, Assistant Attorney General, and Trisha Meggs Pate, Tallahassee Bureau Chief, Criminal Appeals, Office of the Attorney General, Tallahassee, for Appellee.

PER CURIAM.

Appellant's probation was revoked because she violated the condition that she "participate in and complete residential treatment" at a facility in Orlando, Florida. She challenges the revocation order, saying that her plans to flee the facility never came to fruition and thereby cannot constitute a violation. We disagree.

While on probation for simple battery and simple assault, Appellant again committed those same acts resulting in an adjudication of delinquency and post-commitment probation. During the new probationary period, she was released to the care of her father, but absconded within two weeks of that placement. After admitting to a violation, she was again placed on probation with the special requirement that she "participate in and complete residential treatment" at the Orlando facility.

Within a week of placement, however, Appellant told staff at the facility that she was leaving, that she'd arranged for someone to pick her up, and that her parole officer had been notified. Corroborating her claim that she'd arranged to be picked up, the facility received a phone call from someone seeking to confirm the facility's address and the time that Appellant was to be picked up. Appellant later testified at her revocation hearing that the caller was her friend but that she'd subsequently called her to cancel her plans to leave and that the friend should not come to get her. She remained at the facility until law enforcement picked her up the next day for violating the terms of her probation.

At her revocation hearing, the trial court found that sufficient evidence existed to find that Appellant willfully and substantially violated a material condition of her probation. Specifically rejecting Appellant's testimony, the trial court explained:

> I'm not able to accept the child's testimony that she recanted and instructed this individual not to come. What is clear from her testimony

2

is that ultimately she took an overt step in beginning to violate her probation when she called this individual to arrange to come get her, that is the step necessary, as this court views it, at least, to satisfy [the decision in Blue v. State, 377 So. 2d 1016 (Fla. 2d DCA 1979)], that some overt material step had been taken in the violation of probation. So as this court views it the child had willfully violated, based upon the testimony presented, her probation.

The trial court concluded that Appellant's actions in arranging to leave the facility were sufficient to establish a probation violation even though her plan "never came to fruition."

We begin with Blue, which held that a defendant's probation cannot be "revoked solely on the basis of an expressed intention to violate its conditions." Blue, 377 So. 2d at 1017. After sentencing, a bailiff overheard Blue say he would probably violate his probation to get a shorter prison sentence versus three years in a county jail, a place where he "would end up having to smack [other inmates] upside the head . . . ." Id. Based on Blue's overheard comments, the sentencing judge found a probation violation. Blue argued that he had committed no overt act in furtherance of a probation violation and that his words alone were insufficient to do so, but the trial court disagreed. Id. In reversing the trial court's revocation order, the Second District noted that the caselaw suggests "there must be a showing of some overt material violation—some act evidencing an intent to contravene the good intentions of the sentencing magistrate and an inability to comport with the restrictions that accompany probation." Id. Blue's statement of his

future intent—which was "dubious in sincerity"—fell "far too short of overt conduct to support a revocation." Id.

In contrast to Blue's mere ruminations, Appellant undertook actual steps to remove herself from the residential treatment facility, satisfying the overt act requirement. The State presented proof that Appellant had previously absconded from probation, that she had expressed an intent to violate her current probation, that she took actual steps to arrange for her departure (i.e., abscond again), and that her actions demonstrated an inability to "comport with the restrictions [staying at the residential treatment facility until completion] that accompan[ied her] probation." Id. Moreover, the trial court specifically rejected her testimony that she had cancelled her plans to be picked up by her friend, something the trial court was entitled to do.

AFFIRMED.

ROWE, MAKAR, and BILBREY, JJ., CONCUR.